NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0137n.06

**No. 09-3376**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
**Mar 04, 2010**
LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| SHOU LIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ON PETITION FOR REVIEW OF AN |
| | ) | ORDER OF THE BOARD OF |
| ERIC H. HOLDER, JR., Attorney General, | ) | IMMIGRATION APPEALS |
| | ) | |
| Respondent. | ) | |

Before: MERRITT, COOK, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge.   Shou Lin, a native and citizen of the People's Republic of China, seeks reversal of the Board of Immigration Appeals' (BIA) denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  The BIA, adopting and affirming the Immigration Judge's (IJ) decision, found Lin not credible and therefore unable to meet his burden of proof.  Because the record does not compel a conclusion to the contrary, we deny Lin's petition for review.

Lin fled China after security officials at a local government office allegedly beat him for repeatedly demanding past-due military pay.  He testified that, on August 29, 2004, a week after the beating and while still in China, he sought medical treatment because of enduring abdominal pains. He contended that he underwent an appendectomy and remained in the hospital to recover until

January 2, 2005. The medical document Lin submitted, however, showed that he suffered injuries approximately one hour before arriving at the hospital on January 2, 2005, suggesting that he remained there for less than one day, and mentions nothing of any procedures performed. To explain the discrepancy, Lin offers that his father returned to the hospital after his discharge to collect the document and that it must have been created at that time. His fear of arrest upon return to China because of his outstanding payment demand formed the basis for his relief requests. The IJ denied Lin's application for asylum, withholding of removal, and CAT protection after finding Lin's testimony not credible. The BIA affirmed, and Lin petitions for our review.

"Where the BIA adopts the IJ's reasoning, the court reviews the IJ's decision directly to determine whether the decision of the BIA should be upheld on appeal." *Gilaj v. Gonzales*, 408 F.3d 275, 282–83 (6th Cir. 2005) (citing *Denko v. INS*, 351 F.3d 717, 723 (6th Cir. 2003)). We review the IJ's credibility determinations under a deferential substantial-evidence standard, treating them as "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Thap v. Mukasey*, 544 F.3d 674, 676 (6th Cir. 2008) (quoting 8 U.S.C. § 1252(b)(4)(B)).

For asylum eligibility, Lin must prove either past persecution or a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). To meet the more stringent requirements for withholding of removal and CAT protection, Lin must show that it is more likely than not that removal would subject him to persecution on account of membership in one of the same

protected categories or to torture. *Almuhtaseb v. Gonzalez*, 453 F.3d 743, 749 (6th Cir. 2006).

Lin attacks the IJ's credibility finding, alleging that the IJ failed to properly consider his explanation for the discrepancies between his testimony and the medical document, and ignored other documentary evidence that bolstered his credibility. Because Lin filed his application after May 11, 2005, the stricter standard of the REAL ID Act of 2005, Pub. L. 109-13, 119 Stat. 231 (codified in scattered sections of 8 U.S.C.), governs the IJ's adverse credibility determination. Prior to the Act's promulgation, an IJ could make an adverse credibility finding only with regard to "issues that [went] to the heart of the applicant's claim" and not on "irrelevant inconsistencies" or inconsistencies that stemmed from "attempts by the applicant to enhance his claims of persecution." *Sylla v. INS*, 388 F.3d 924, 926 (6th Cir. 2004) (quotation marks and citations omitted). Under the Act, by contrast, the IJ looks to the "totality of the circumstances" and takes into account "all relevant factors," 8 U.S.C. § 1158(b)(1)(B)(iii), including "the consistency of [witness] statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim," *id*. § 1229a(c)(4)(C); *see also El-Moussa v. Holder*, 569 F.3d 250, 256 (6th Cir. 2009).

In this case, the IJ could not square Lin's testimony about when his injury occurred and the length of his hospital stay with the submitted medical document. None of the other documentary evidence that Lin presented provided any information to rectify these crucial discrepancies, and the IJ found Lin's explanation that the doctor created the medical document for his father after his

release "really not believable." Accordingly, though the IJ acknowledged the REAL ID Act's new common-sense approach for credibility determinations, he concluded that such significant contradictions about central facts met even the abandoned "heart of the claim" standard. After all, past mistreatment by government officials, when proven, forms the basis for relief requests in many similar cases. Thus, absent credible evidence, the IJ found Lin unable to meet his burden of proof and rejected his requests for relief.

We hold that the crucial inconsistencies in Lin's case constitute substantial evidence to support the IJ's finding. Irrelevant additional documentation and a potentially plausible explanation for the contradiction may generate a competing interpretation of the evidence, but we cannot say that the record compels a conclusion contrary to the IJ's.

We therefore deny Lin's petition.